```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X      NOT FOR PUBLICATION
LINDA K. WASHINGTON,

                    Plaintiff,                                     MEMORANDUM
                                                                   AND ORDER

          -against-                                                06-CV-6186 (JG)

EAST HARLEM COUNCIL FOR
COMMUNITY IMPROVEMENT, INC.,

                    Defendant.
------------------------------------------------------------X
```
JOHN GLEESON, United States District Judge:

        Linda K. Washington brings this action *pro se* alleging employment discrimination against her former employer, East Harlem Council for Community Improvement, Inc. (EHCCI). I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and direct plaintiff to file an amended complaint within 30 days as set forth below.

## BACKGROUND

        Washington alleges that on January 15, 2006, she was terminated from her employment as a direct care worker when an autistic patient left the residence while Washington was in the medication room on another floor. Washington alleges that none of her co-workers who were working the same shift were terminated for that incident. Complaint at 4. Washington also alleges that her termination was in response to being falsely accused of abusing a patient in February 2005. Washington claims that after the incident she was reinstated to her position but that her supervisor "resented my being reinstated," and was "thus looking for any reason to fire me." Complaint at 4. Washington filed charges with the Equal Employment Opportunity Commission (EEOC) on June 12, 2006 and received a right to sue letter on September 21, 2006.

1

DISCUSSION

A.  *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), I am required to dismiss a complaint, filed *in forma pauperis*, if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law," or when "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Because plaintiff is proceeding *pro se*, her papers must be read liberally and interpreted as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," I must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

B.  *Employment Discrimination*

Washington submits her complaint on a form provided to litigants seeking to commence an employment discrimination action in federal court based on (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"); (2) the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"); and/or (3) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"). Washington, however, has failed to indicate what federal statute was violated by her termination as she has neglected to mark or check the appropriate sections on pages 1 and 3 of the form complaint.[1]

---

[1] The form consists of blanks to be filled in seeking specific information, such as the statute under which plaintiff is proceeding and the basis for the discrimination, such as race, gender, color, national origin, religion,

Furthermore, Washington has failed to provide a short, plain statement showing that she is entitled to relief under Title VII, the ADEA or the ADA. *See e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (employment discrimination claims require only notice pleading). Even upon reviewing Washington's statement of claim, I cannot discern the nature or the basis of the alleged discrimination. A claim under Title VII must allege discrimination based on plaintiff's race, color, religion, gender or national origin, 42 U.S.C. § 2000e et seq., an ADEA claim must allege discrimination based on plaintiff's age, 29 U.S.C. § 621 et seq., and an ADA claim must allege discrimination based on plaintiff's disability. 42 U.S.C. § 12101 et seq. Here, Washington's sole statement describes a workplace dispute with her supervisor, but does not identify any discriminatory conduct on the part of her former employer. Generally, such conflicts do not rise to the level of a federal statutory violation. The anti-discrimination laws are not "a general civility code," and they do "not prohibit all verbal or physical harassment in the workplace," only that which is motivated by specified improper considerations. *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80-81 (1998)*; see also Kodengada v. IBM Corp.,* 88 F.Supp.2d 236, 243 (S.D.N.Y. 2000).

In light of Washington's *pro se* status, I grant her an opportunity to replead her employment discrimination complaint to correct the deficiencies noted above. Washington's amended complaint must: (1) provide the statute and the basis for the purported discrimination; (2) provide a short, plain statement describing how her former employer discriminated against her in violation of the applicable federal statute; and (3) include a copy of the charge filed with the EEOC to show what claims she raised at the agency level, if available. If Washington fails to replead within 30 days, her complaint shall be dismissed. 28 U.S.C. § 1915(e)(2)(B).

---

age, or disability. *See* Complaint at 1, 3.

CONCLUSION

Accordingly, I hereby direct Washington to file an Amended Complaint within 30 days as set forth above. It must be titled "AMENDED COMPLAINT" and bear the docket number 06-CV-6186 (JG). No summons shall issue and all proceedings shall be stayed for 30 days. If Washington fails to comply with this order within the time allowed, the complaint shall be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and judgment shall enter. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
December 5, 2006